HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL D. EISENHAUER,

    Plaintiff,

    v.

RITE AID HDQTRS. CORP., RITE AID CORPORATION, dba RITE AID PHARMACY,

    Defendants.

Case No. C04-5783 RBL

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**I.  Introduction.**

    This matter comes before the Court on the Defendants' (together "Rite Aid") Motion for Summary Judgment. [Dkt. #17]. Plaintiff, a former Rite Aid employee, seeks wages and double damages for meal and break periods he claims he was denied. Rite Aid seeks dismissal of all of Plaintiff's claims, arguing that he waived his right to claim wages for those periods, that it is undisputed that Plaintiff was in fact compensated for all time he spent on duty, and that he is not entitled to double damages any event, because he cannot demonstrate that Rite Aid's conduct was willful.

    Plaintiff responds that he did not voluntarily waive meal and rest break periods, because he did not have the ability to control his own schedule, and that there is an unresolved factual dispute as to whether he was precluded from taking breaks based on his work load. He also argues that Rite Aid's "willfulness"

is a question of fact.

**2.      Factual Summary.**

The relevant facts of this case are largely undisputed.  Plaintiff Paul Eisenhauer, a pharmacist, was hired as the Pharmacy Manager of the Kelso, Washington Rite Aid drugstore in January 2001.  Mr. Eisenhauer was the "responsible manager" for this store as well, meaning that he was charged with the duty of ensuring that the pharmacy was in compliance with all applicable laws, rules, regulations and codes relating to the practice of pharmacy.  Eisenhauer also had the duty of supervising the pharmacy staff, which included the staff pharmacists, technicians and the cashier/clerk.

According to Eisenhauer, he was instructed that he should not close the pharmacy to go out to eat or to pick up food, and that, absent extraordinary circumstances, the pharmacy was to remain open during the store's business hours.  These hours ran from 9:00 a.m. to 9:00 p.m. Monday through Friday, from 9:00 a.m. to 7:00 p.m. on Saturdays, and 10:00 a.m. until 6:00 p.m., on Sundays.  Mr. Eisenhauer often worked as the responsible pharmacist during the entire time the pharmacy was open on a given day.  He usually worked alone on Sundays.   Even when other technicians were working, Plaintiff was the only pharmacist on duty, as Rite Aid did not schedule "overlapping" pharmacist shifts.  Thus, Eisenhauer was required to make suitable provisions for his lunch and other breaks while he was on duty.  *See* Plaintiff's Response to Defendants' Motion for Summary Judgment, p. 2 [Dkt. #21].

To do so, Eisenhauer arranged for his lunch to be delivered to him by other Rite Aid employees. He would then eat at an appropriate time during his work day.  In fact, Mr. Eisenhauer testified that he "chose not to take a break" but to "cut my day in half and eat around 3:00."    *See* Deposition of Paul Eisenhauer (attached to the Declaration of Kirk Peterson), p. 66 [Dkt. #18].  While remaining on duty, the Plaintiff would eat his lunch at a time he deemed appropriate.

Consistent with this practice, in recording his time worked for payroll purposes, Mr. Eisenhauer would routinely check his time "in" at the beginning of the work day, and his time "out" at the end of the day. Mr. Eisenhauer concedes that Defendant Rite Aid paid him for all of the time he spent on duty, including any time spent eating his lunch.  *See* Defendants' Motion for Summary Judgment, p. 6 [Dkt. #17]. Mr. Eisenhauer was therefore paid for all time spent on duty, including any time spent eating lunch.

ORDER
Page - 2

**3.    Discussion.**

**A.    Summary Judgment Standard.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).  Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In other words, "summary judgment should be granted where the non-moving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

**B.    The Meal and Rest Break Provisions of WAC 296-126-092.**

Washington State law requires that all employees be allowed to take a meal and certain rest break periods throughout their work day.  WAC 296-126-092.  In part, this regulation provides that "[e]mployees shall be allowed a meal period of at least 30 minutes which commences no less than two hours [and no] more than five hours from the beginning of the shift.  Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer." *See* WAC 296-126-092(1).

WAC 296-126-092 does not require an employee to take a meal break.  Instead, the language of the statute is permissive and provides that "employees *shall be allowed* a meal period of at least 30 minutes."  Thus, there is no affirmative duty either for the employer to schedule a meal period, or for the employee to take a lunch break. *See White v. Salvation Army*, 118 Wash. App. 272, 278, 279 (2003).

Rite Aid argues that Eisenhauer was aware of the break requirement, and that he implicitly waived it by choosing not take breaks.  In response, Plaintiff Eisenhauer argues primarily that he was not given the opportunity to take a meal or rest break during his entire shift, usually 11 or 12 hours per day.  He claims that he had no choice in the matter, as it was Rite Aid policy to have a pharmacist on duty at all times the

pharmacy was open. Accordingly, he argues that he did not and could not "voluntarily waive" the right to the required rest and meal breaks.

This argument is undermined by Mr. Eisenhauer's own testimony, however, that he did in fact "choose" when to eat his lunch, and that he routinely had other employees bring him lunch from outside the store, and that he did so at the midpoint of his day, to "cut the day in half." Mr. Eisenhauer, as the pharmacy manager, was aware of the state requirements for breaks (and was in fact responsible for ensuring that the pharmacy's operations complied with these and other regulations). He admits that he was not ever told not to take these breaks.

Washington law does not require that breaks be taken. As *White* explained, the requirements of WAC 296-126-092 are consistent with permitting the employer to require the employee to remain on duty during a break period, provided the employee is paid for his time. It is undisputed that Mr. Eisenhauer was paid for all of his time. The Plaintiff's decision not to take advantage of Washington's meal and rest break provision in the present circumstances does not entitle him to any additional wages.

This conclusion is not changed by Mr. Eisenhauer's companion claim that the break periods were not met because he was never completely relieved of his duties. This was much the same argument as was made in *White v. Salvation Army* and *Frese v. Snohomish County*.

In *White*, the Plaintiffs claimed that because there was no decrease in their work duties during their lunch hour the Defendant was liable for violating WAC 296-126-092. The Washington Court of Appeals determined that decreased duties had no bearing on the court's decision, and the only relevant consideration was whether the Plaintiffs were compensated for their time. *White*, 118 Wash. App. at 278.

In *Frese,* the same court held that where a corrections officer's lunch period is routinely taken up with work a violation of WAC 296-126-092 can occur. *Frese v. Snohomish County*, 129 Wash. App. 659, 664 (2005). That case, however, involved a materially different and unique factual context: the Plaintiffs there, while fully compensated for their time, were required to eat their lunch in modules housing over 80 inmates, which often resulted in an *increase* of duties because of the potential for violence. *Id.*

Here, however, the Plaintiff was simply required to attend to his pharmacological duties while he would "grab a bite here [and] grab a bite there" and take his formal meal break at 3:00 p.m. *See* Deposition of Paul Eisenhauer (attached to the Declaration of Kirk Peterson), p. 66 [Dkt. #18]; s*ee also*

1  Plaintiff's Response to Defendants' Motion for Summary Judgment, p. 3-4 [Dkt. #21]. Mr. Eisenhauer
2  chose not to take a lunch break at the traditional noon hour but to instead cut his day in half. Viewed
3  objectively, he waived his right to go back and seek additional compensation for the breaks he chose not to
4  take.

5      Furthermore, and in any event, Mr. Eisenhauer was compensated for each hour of his day,
6  including any time spent eating his lunch. Mr. Eisenhauer's lunch circumstances bear no factual or logical
7  relationship to circumstances described in *Frese*. The fact that Mr. Eisenhauer consciously chose when
8  and how to eat his meals, coupled with the fact that he was paid for all of his time, lead unescapably to the
9  conclusion that he is not entitled to additional pay as a matter of law. Plaintiff's claim for additional
10 compensation is DISMISSED.

11      **C.    Plaintiff's Entitlement to Double Damages Under RCW 49.52.070.**

12      Mr. Eisenhauer's claim for double damages and attorneys fees for "willful withholding of wages"
13 under RCW 49.52.070 necessarily depends on his having established some right to additional
14 compensation. Because of the resolution of this claim above, he is not entitled to double damages. This
15 claim is similarly DISMISSED.

16      The Defendants' Motion for Summary Judgment [Dkt. #17] is GRANTED and Plaintiff's claims
17 are DISMISSED with prejudice.

18      IT IS SO ORDERED.

19      DATED this 18th day of May, 2006.

          RONALD B. LEIGHTON
          UNITED STATES DISTRICT JUDGE